IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARTIN VARGAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-949-F |
| | ) | |
| CARL BEAR, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Martin Vargas, a state prisoner appearing *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1) (Petition), challenging the constitutionality of his state court conviction and sentence. Respondent has filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Time Barred (ECF No. 11) and Brief in Support of Motion to Dismiss (ECF No. 12). Petitioner has not replied. For the reasons set forth below, it is recommended that the Motion to Dismiss be **GRANTED**.

### I. History of the Case and Grounds for Relief Asserted

On June 12, 2012, Petitioner pled guilty to and was convicted of two counts of first degree rape, two counts of forcible oral sodomy, two counts of first degree burglary and one count of second degree rape in consolidated Case Nos. CF-11-5182 and CF-12-712 (District Court of Oklahoma County, Oklahoma). On the same date, he was sentenced to fifty years' imprisonment with all but the first forty years suspended. Petition (ECF No. 1:1).

In this petition for habeas relief, Petitioner raises only one ground for relief: that he is actually innocent of some of the crimes. (ECF No. 1:5).

## II. Statutory Tolling

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for all habeas applications filed by prisoners in state custody. 28 U.S.C. § 2244(d)(1). In Petitioner's case, the countdown began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's conviction and sentence, pursuant to his guilty plea, were entered on June 12, 2012, (ECF No. 12-1), and he failed to withdraw his plea within the ten-day period provided by the Oklahoma Court of Criminal Appeals, Rule 4.2(A), his judgment became final on June 22, 2012. *See* 28 U.S.C. § 2244(d)(1)(A). His one-year limitation date for filing a federal habeas action, without statutory tolling, would have expired on June 22, 2013. *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method). Because the latter date fell on a Saturday, however, Petitioner actually would have had until June 24, 2013, to timely file his petition.

But Petitioner filed several applications for post-conviction relief and appeals from the trial court's denial of these applications within his one-year limitation period. The one-year limitation period is tolled during the pendency of "properly filed" State post-conviction actions. 28 U.S.C.A. § 2244(d)(2) ("The time during which a *properly filed*

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Petitioner filed his first application for post-conviction relief on October 4, 2012, (ECF No. 12-3), and the limitation period was tolled for 42 days until the trial court denied his application on November 14, 2012. (ECF No. 12-7). Although Petitioner did not appeal the denial of his application for post-conviction relief, he was, nevertheless, entitled to 30 additional tolled days—the time during which he could have "properly filed" an appeal with the OCCA. *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."). Thus, Petitioner's limitation period was tolled for 72 days during the pendency of his application and the time during which he could have filed an appeal.

On February 11, 2013, Petitioner filed another application for post-conviction relief requesting an appeal out of time. (ECF No. 12-8). The trial court denied the application on March 20, 2013,[1] (ECF No. 12-9), tolling the limitation period 38 days. Petitioner attempted to appeal the denial of post-conviction relief on April 1, 2013. (ECF No. 12-10). On April 12, 2016, the OCCA declined jurisdiction on procedural grounds, suggesting that this appeal was not "properly filed." (ECF No. 12-11). Although the time during which the

---

[1] Although the trial court signed the order denying post-conviction relief on March 13, 2013, the order was filed on March 20, 2013.

improperly filed appeal before the OCCA does not count towards tolling, Petitioner was, nevertheless, entitled to an additional 30 days of tolling, beginning from the date of trial court's denial of his application—the period during which he could have "properly filed" his appeal. *Gibson*, 232 F.3d at 804 (limitations period tolled during the period in which petitioner could have sought an appeal under state law, regardless of whether petitioner actually appeals the denial of his post-conviction application). Thus, Petitioner accrued an additional 68 days of tolling—38 days during the pendency of his application for post-conviction relief before the trial court, added to the 30 days during which he could have properly filed an appeal.

Although the original expiration of Petitioner's one-year limitation period would have been June 24, 2013, the 140 days tolled between the date the conviction was final and the original expiration date of the one-year limitation period extended that date to November 12, 2013.[2]

On September 30, 2013, however, Petitioner filed another application for post-conviction relief. (ECF No. 12-12). The trial court denied the application on November 1, 2013,[3] (ECF No. 12-13), and this time Petitioner "properly filed" an appeal

---

[2] Because the 140th day fell on November 11, 2013, a federal holiday, Petitioner's expiration date would have been extended to November 12, 2013. The Respondent's calculation is slightly different due to district court orders being signed on one date and filed on a latter date. The difference in calculation does not change the outcome.

[3] The trial court dated the document October 30, 2013, but it was not filed until November 1, 2013.

4

with the OCCA[4] which was denied on April 29, 2014. (ECF No. 12-15). The one-year limitation period again had to be modified to account for the additional 212 days during which the limitation period was tolled after the first modified expiration date—November 12, 2013. Thus, the final deadline for filing Petitioner's federal habeas petition was June 13, 2014.

Petitioner did not file any further post-conviction actions until October 2, 2014. (ECF No. 12-16). Because this application for post-conviction relief was filed after the limitation period expired, the pendency of this action had no tolling effect on the expiration of Petitioner's limitation period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-1143 (10th Cir. 2001).

Petitioner filed this petition for habeas relief on September 2, 2015—well after his limitation period had expired—raising only one ground for relief: that he is actually innocent of the crimes of which he was convicted.

## III. Actual Innocence Exception to Time-Barred Claims

The Supreme Court has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence. *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1931 (2013) (*citing Herrera v. Collins*, 506 U.S. 390, 404–405 (1993). In *McQuiggin*, however, the Supreme Court determined that a tenable claim of actual innocence serves an exception to the general rule barring federal habeas petitions filed after the expiration of the one-year statutory limitation period:

---

[4] Because the appeal was "properly filed," the entire period from September 30, 2013, through April 29, 2014, served to toll the running of the statute of limitations.

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* [*Schlup v. Delo*, 513 U.S. 298, (1995)] and *House* [*House v. Bell*, 547 U.S. 518 (2006)] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at 329; *see House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332.

*McQuiggin*, 133 S. Ct. at 1928.

In his habeas petition, Petitioner acknowledges he is guilty of burglary; he admits that he broke into the victim's house with the intention of stealing something. But, he claims, when he came into contact with the victim, he ran away. He denies the charges of rape and forcible sodomy. (ECF No. 1:5). But Petitioner provides no new evidence to support his general statement that he is "actually innocent." Rather, Petitioner alludes to evidence allegedly in the possession of the prosecutor—evidence Petitioner contends he has repeatedly asked to be provided. Petitioner supports his claim of actual innocence only with his own, self-serving affidavit to the effect that his trial counsel told him the prosecutor had a statement by the victim in which she described her attacker as having a "big tattoo on the left forearm." (ECF No. 2:6). According to Petitioner, his counsel told him that the description did not "make sense" because Petitioner does not have such a tattoo. (*Id.*). The "evidence" to which Petitioner alludes cannot be considered "new

6

evidence," because Petitioner obviously knew about the alleged existence of the evidence before he pled guilty.

According to Petitioner, he pled guilty on the advice of his trial counsel. (*Id.*). Notably, however, Petitioner's plea was a negotiated plea. (ECF 12-1:4-5). Such guilty pleas cast doubt on a petitioner's later claim of actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 418 (1993) ("Equally troubling, no explanation has been offered as to why petitioner, by hypothesis an innocent man, pleaded guilty to the murder[.]"

Petitioner's claim of actual innocence is simply not tenable. It therefore does not serve as a gateway to excuse the untimely filing of his habeas petition. It is recommended that Defendant's Motion to Dismiss be granted because the Petition was not filed within the applicable limitation period.

## RECOMMENDATION

It is recommended that the Motion to Dismiss Petition for Writ of Habeas Corpus as Time Barred **(ECF No. 11)** be **GRANTED**.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. Any objection must be filed with the Clerk of the District Court by **May 9, 2016**. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF REFFERAL**

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge in the captioned matter.

**ENTERED** on April 22, 2016.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE