# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARTIN VARGAS, | ) | |
| Petitioner, | ) ) ) | |
| -vs- | ) ) | Case No. CIV-15-0949-F |
| CARL BEAR, | ) ) ) | |
| Respondent. | ) | |

## ORDER

Petitioner Martin Vargas, a state prisoner appearing *pro se* whose pleadings are liberally construed, seeks habeas relief under 28 U.S.C. § 2254.

On April 22, 2016, Magistrate Judge Shon T. Erwin entered a Report and Recommendation (the Report). Doc. no. 13. The Report recommends granting the motion to dismiss the petition as time-barred. Doc. 11. Petitioner did not file a response to respondent's motion to dismiss when that motion was pending before the Magistrate Judge. Nevertheless, petitioner now objects to certain aspects of the Report. For example, the objections do not contest the Report's time calculations. But petitioner argues, as he did in his sole ground for habeas relief, that he is actually innocent of the crimes of which he was convicted so that he comes within an exception to the general rule barring federal habeas petitions filed after the expiration of the one-year limitation period. The Magistrate Judge addressed this argument in his Report.

As required by 28 U.S.C. §636(b)(1), the court has reviewed all objected to matters *de novo*. Having concluded that review, the court finds that it agrees with the Report and that no purpose would be served by stating any further analysis here.

Accordingly, plaintiff's objections to the Report are **DENIED**. The Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. In accordance with the Report, the motion to dismiss the petition as time-barred is **GRANTED**, and the petition for a writ of habeas corpus is **DISMISSED**.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Petitioner has not made the requisite showing, and a certificate of appealability is **DENIED**.

Dated this 17th day of May, 2016.

*[signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

15-0949p001.wpd